1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WALLACE ERVIN,

11              Petitioner,              No. CIV S-05-2004 DFL DAD P

12        vs.

13   JOHN MARSHALL, Warden, et al.,

14              Respondents.            FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2004 decision by the California

18   Board of Prison Terms (BPT) finding him unsuitable for parole.  Respondents have moved to

19   dismiss the petition on the grounds that: (1) the petition is time-barred under the applicable

20   statute of limitations; (2) the petition contains procedurally defaulted claims; and (3) the court

21   lacks subject matter jurisdiction.  For the reasons set forth below, the undersigned will

22   recommend that the motion be granted based on petitioner's failure to file a timely petition.[1]

23   /////

24   /////

25   _____

26        [1]  Because the court has determined that the pending petition is time-barred, respondents'
     procedural default and jurisdictional arguments will not be addressed herein.

                                        1

I. Procedural History

1. In 1991, petitioner was convicted of second degree murder in the Sacramento County Superior Court and was sentenced to a term of fifteen years to life imprisonment. (Petition at 2.[2])

2. On February 25, 2004, the BPT denied petitioner parole following a hearing at the California Men's Colony at San Luis Obispo, California.  (Mot. to Dismiss (MTD), filed 2/8/06, Ex. D.)

3. On May 25, 2004, the BPT decision became final.[3]  (MTD at ECF 5[4]; MTD, Ex. A at ECF 20 and Ex. C at ECF 49.)

4. On February 21, 2005, petitioner attempted to file a state habeas petition challenging the parole denial with the Sacramento County Superior Court.  However, the Superior Court returned the petition to petitioner because he had not used the form approved by the California Judicial Council.  (Opp'n at 2 and Ex. A.)

5. On March 27, 2005, petitioner signed and delivered his habeas petition on the approved form for mailing to the Sacramento County Superior Court.  (MTD, Ex. A at ECF 66-67.)

/////

---

[2] Petitioner has submitted a form petition with the first page numbered as page 2.

[3] The parties refer to the last page of the transcript of the February 25, 2004 BPT hearing which provides the "Final Date of Decision."  See Court document number 15, Ex. D at electronic case file (ECF) page 81.  Although the parties both agree that the date which appears at that page is May 25, 2004, the court is unable to verify the representation because the date appears too faint on the copy that was scanned into the court's ECF system.  However, since the parties do not dispute this date, the court will accept it as the date the BPT decision became final.

[4] This court has implemented the Case Management/Electronic Case Files (CM/ECF) docketing and file system so that all documents are now stored and can be retrieved electronically.  Under this system, every page of a document is numbered in chronological order, including cover pages, blank pages, tabbed pages, and proofs of service.  When the undersigned refers to a page number with an "ECF" designation, the court is using the page number assigned by the CM/ECF system.

1    6.  On May 2, 2005, the Sacramento County Superior Court denied the habeas

2  petition as untimely, stating as follows:

3         An untimely state habeas corpus petition is an abuse of the writ
          of habeas corpus, and if unjustified, is barred from habeas corpus
4         review (In re Robbins (1998) 18 Cal. 4th 770, 811-812, 812 fn. 32;
          In re Clark (1993) 5 Cal. 4th 750, 774-775).  As petitioner has
5         failed to set forth any justification or exception to the Robbins/
          Clark bar, his claims are all barred from review by this court on
6         habeas corpus.

7         In addition, petitioner has failed to attach a copy of the entire
          transcript of the February 25, 2004 parole hearing, having deleted
8         pages 15 through 22 of that transcript.  Without the full transcript,
          this court would not have been able to fully assess his claims, had
9         they not been barred from habeas corpus review, requiring denial
          of this petition for that reason as well (In re Harris (1993) 5 Cal.
10        4th 813, 827 fn. 5).

11  (MTD, Ex. B at ECF 3.)

12    7.  On an unknown date, petitioner filed a petition for writ of habeas corpus with

13  the California Court of Appeal for the Third Appellate Court.  (Petition, at ECF 3.)  That petition

14  was summarily denied on June 2, 2005.  (MTD, Ex. C at ECF 4.)

15    8.  On June 15, 2005, petitioner filed a petition for review with the California

16  Supreme Court.  (MTD, Ex. C at ECF 2.)  The petition was summarily denied on August 17,

17  2005.  (MTD, Ex. E at ECF 2.)

18    9.  On September 29, 2005, petitioner's pending federal habeas petition was

19  signed and delivered to prison officials for mailing.  The petition was filed on October 4, 2005.

20  II.  The Parties' Arguments

21         Respondents argue that pursuant to 28 U.S.C. § 2254(d)(1)(D), the statute of

22  limitations on petitioner's claim challenging his parole denial began to run on May 25, 2004

23  when the BPT decision became final and continued to run for 492 days until September 29, 2005

24  when the petitioner signed his federal habeas petition.  (MTD at ECF 5.)  Since this period of

25  time far exceeds the one-year statute of limitations, respondents argue that the petition is time

26  barred unless petitioner is entitled to statutory tolling under § 2244(d)(2).  (Id. at ECF 7.)   In

1   determining whether statutory tolling is appropriate, respondents assert that this court must look

2   to the ruling by the Sacramento County Superior Court denying petitioner's state habeas petition

3   since that was the only reasoned decision issued by the state courts.  (Id.)  Relying on the recent

4   United States Supreme Court decisions in Pace v. DiGuglielmo, 544 U.S. 408 (2005) and Evans

5   v. Chavis, _____ U.S. _____, 126 S. Ct. 846 (2006), respondents argue that the state court's

6   determination that the state habeas petition was untimely compels the conclusion that the state

7   petition was not "properly filed," and cannot serve to toll the statute of limitations.  (MTD at

8   ECF 7.)  Finally, respondents argue that petitioner is not entitled to equitable tolling because he

9   has failed to allege any circumstances that would justify his delay in seeking to challenge the

10   BPT final decision.  (Id. at ECF 8.)

11          Petitioner opposes the motion to dismiss, arguing that the correct filing date of his

12   habeas petition with the Sacramento County Superior Court is February 21, 2005, rather than the

13   date when that petition was resubmitted using the form petition approved by the state's judicial

14   council.  (Opp'n at 1.)  Based on a filing date of February 21, 2005, petitioner contends that he

15   complied with the requirements of the statute of limitations.  (Id. at 2.)

16          In their reply, respondents argue that a letter dated March 16, 2005 from Judge

17   Michael G. Virga of the Sacramento County Superior Court accompanying the return of

18   petitioner's first habeas petition filed with that court indicated that the petition had not been

19   submitted on the proper form and was therefore not "properly filed" for purposes of statutory

20   tolling.  (Resp'ts' Reply at 2.)  In addition, respondents argue that in ultimately rejecting

21   petitioner's subsequently filed petition the Superior Court determined that it was untimely under

22   state law and that such a determination is dispositive on the issue of tolling under § 2244(d)(2).

23   (Id. at 3.)[5]

24   _____

25          [5] In an unauthorized reply to respondents' reply, petitioner argues that he is entitled to
    tolling of the statute of limitations and that there should be no penalty for any delay caused by the
26   necessity of his filing the habeas petition on the form required by the Superior Court.

1    III.  Analysis

2              Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year

3    statute of limitations applies to the filing of a non-capital habeas corpus petition in federal court.

4    See 28 U.S.C. § 2244(d)(1).  When a petitioner challenges the decision of an administrative

5    body, such as a parole board, the one-year period of limitation begins to run on the date on which

6    the factual predicate of the claims presented could have been discovered through the exercise of

7    due diligence.  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343

8    F.3d 1077, 1080-83 (9th Cir. 2003).  In general, the one-year period will begin to run on the date

9    the  administrative decision, such as the denial of parole, becomes final.  Shelby, 391 F.3d at

10   1065-66; Redd, 343 F.3d at 1084 (AEDPA statute of limitations on challenge to a parole board

11   decision begins to run on the day following the denial).

12             The one-year federal statute of limitations is tolled while a petitioner exhausts

13   state remedies.  "The time during which a properly filed application for State post-conviction or

14   other collateral review with respect to the pertinent judgment or claim is pending shall not be

15   counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). [6]  This

16   statutory tolling will apply if a state habeas petition has been properly filed.  Artuz v. Bennett,

17   531 U.S. 4, 8 (2000) (holding that a properly filed state application complies with the applicable

18   laws and rules governing filings, including the form of the application and time limitations).  A

19   state habeas petition is "pending" during a full-round of review in the state courts.  This includes

20   the time between a lower court decision and filing a new petition in a higher court as long as

21   those intervals are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

22             In reviewing habeas petitions originating from California, the Ninth Circuit

23   formerly employed a rule that where the California courts did not explicitly dismiss for lack of

24

---

25        [6]  Apart from this statutory tolling provision, the one-year period is also subject to
26   equitable tolling if extraordinary circumstances beyond a prisoner's control make it impossible to
     file a federal petition on time.  Redd v. McGrath, 343 F.3d 1077, 1081 (9th Cir. 2003).

1  timeliness, the petition was presumed timely and was "pending."  In <u>Evans v. Chavis</u>, _____ U.S.

2  ____, 126 S. Ct. 846 (2006) the Supreme Court rejected this approach and now requires that the

3  lower courts determine whether a state habeas petition was filed within a reasonable period of

4  time. 126 S.Ct. at 852 ("That is to say, without using a merits determination as an 'absolute

5  bellwether' (as to timeliness), the federal court must decide whether the filing of the request for

6  state-court appellate review (in state collateral review proceedings) was made within what

7  California would consider a 'reasonable time.'").  However, "[w]hen a postconviction petition is

8  untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."  <u>Bonner v.</u>

9  <u>Carey</u>, 425 F.3d 1145, 1148 (9th Cir. 2005) (quoting <u>Pace</u>, [544 U.S. at 414] 125 S. Ct. at 1812).[7]

10  <u>See also</u>  <u>Carey v. Saffold</u>, 536 U.S. at 226.

11          Here, the one-year statute of limitations began to run on May 26, 2004, the day

12  after the decision of the BPT became final.  <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1247 (9th

13  Cir. 2001) (applying Rule 6(a) of the Federal Rules of Civil Procedure for computation of the

14  statute of limitations period, so that the day of the event from which the designated period of

15  time begins to run shall not be included); <u>Redd</u>, 343 F.3d at 1084.  Respondents are correct in

16  their assertion that absent tolling the one-year limitation period expired several months before

17  petitioner signed his federal habeas petition on September 29, 2005.[8]

18          As set forth above, petitioner filed three state habeas applications each of which

19  was denied.  Both the California Court of Appeal and the California Supreme Court issued

20  summary denials.   These are "unexplained orders," i.e., "an order whose text or accompanying

21  opinion does not disclose the reason for the judgment."  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802

22  (1991).  When confronted with a state court's unexplained order, the federal court applies the

23  _____

24  [7]  In <u>Pace v. DiGuglielmo</u> the Supreme Court held that time limits for filing "go to the
    very initiation of a petition and a court's ability to consider that petition[.]" 544 U.S. 408, 417
    (2005).

25

26  [8]  This is the earliest possible filing date for the federal petition pending before this court
    under the mailbox rule announced in  <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

1  following presumption: "Where there has been one reasoned state judgment rejecting a federal

2  claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the

3  same ground." Id. at 803. See also Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

4  In applying this look-through presumption, unexplained orders are given no effect. Id. at 804.

5          In this case, the Sacramento County Superior Court issued a reasoned order

6  rejecting petitioner's claims. This court will therefore "look through" unexplained orders of the

7  California Supreme Court and the California Court of Appeal to the Superior Court order filed

8  May 2, 2005, in order to determine whether the state courts found the state petition to be

9  untimely as a matter of state law. In that order the state court specifically stated:

10          The petition, however, is untimely, having been signed, on
           March 27, 2005, and submitted to prison authorities for filing with
11          the court more than one year after the February 25, 2004 denial of
           parole.
12
13          An untimely state habeas corpus petition is an abuse of the
           writ of habeas corpus, and if unjustified, is barred from habeas
           corpus review (In re Robbins (1998) 18 Cal. 4th 770, 811-12, 812
14          fn. 32; In re Clark (1993) 5 Cal. 4th 750, 774-75). As petitioner
           has failed to set forth any justification or exception to the
15          Robbins/Clark bar, his claims are all barred from review by this
           court on habeas corpus.
16

17  (MTD, Ex. B (Superior Court Order) at ECF 3.)[9]  Thus, the state courts clearly found petitioner's

18  state petitions to be untimely.[10]  As noted above, it is now also clear that once the state courts

19  ────────────

20          [9]  In In re Robbins, 18 Cal. 4th 770, 811-12 (1998) and In re Clark, 5 Cal. 4th 750, 774-75
21  (1993) the California Supreme Court addressed the barring of review of habeas petitions filed
   after substantial delay.

22          [10]  For what it may be worth, this conclusion also appears to be generally consistent with
   those reached by federal courts called upon to independently determine whether petitions were
23  filed within what California would consider a "reasonable time." See Evans v. Chavis, _____
   U.S. ____, 126 S. Ct. 846, 853-54 (2006) (holding that a six month delay in seeking review by
24  the state supreme court after denial of a writ by the state court of appeal was unreasonable);
   Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (finding delays of 10, 15 and 18 months
25  between denials and the filing of the subsequent petition to be unreasonable). Moreover, in light
   of the untimeliness determination by the state courts, petitioner's arguments concerning the filing
26  date for his initial state court petition miss the mark.

1   find a postconviction petition untimely under state law, that petition has been determined to be

2   not properly filed and cannot serve as the basis for statutory tolling under § 2244(d)(2). Pace,

3   544 U.S. at 414; Carey v. Saffold, 536 U.S. at 226; Bonner, 425 F.3d at 1148-49.

4          Finally, petitioner has claimed no entitlement to equitable tolling and thus has

5   failed to met his burden on that issue. See Miranda v Castro, 292 F.3d 1063, 1065 (9th Cir.

6   1998).  Therefore, the court finds that petitioner is not entitled to equitable tolling in that he has

7   failed to demonstrate that extraordinary circumstances beyond his control made it impossible for

8   him to file his federal petition in a timely manner. See Pace, 544 U.S. at 418; Calderon v. United

9   States Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir.1998) (en banc), overruled in part on other

10  grounds by Woodford v. Garceau, 538 U.S. 202 , 205-06 (2003); Redd, 343 F.3d at 1085.

11         Accordingly, IT IS HEREBY RECOMMENDED that:

12         1.  Respondents' February 8, 2006 motion to dismiss the petition as time-barred

13  be granted; and

14         2.  This action be dismissed.

15         These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen

17  days after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20  shall be served and filed within five days after service of the objections.  The parties are advised

21  that failure to file objections within the specified time may waive the right to appeal the District

22  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED: August 14, 2006.

24

25

26  DAD:4
    ervi2004.mtd2

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE